UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.

                              Crim. Case. No. 11-20668
                              Civil Case No. 16-12123
                              Hon. Sean F. Cox

Jeffrey Malone,

    Defendant/Petitioner.

_____/

**OPINION & ORDER**
**DENYING PETITIONER'S § 2255 MOTION TO VACATE AND RULING ON**
**CERTIFICATE OF APPEALABILITY**

In Criminal Case Number 11-20668, Petitioner Jeffrey Malone ("Petitioner") pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). (Doc. # 14, Plea Agreement at Pg ID 28). Judge Lawrence Zatkoff sentenced Petitioner as an armed career criminal to serve 108 months.[1]

This matter is now before the Court on Petitioner's Motion to Vacate Sentence, brought pursuant to 28 U.S.C. 2255. Petitioner's request for relief is based upon the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2251 (2015) and *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Government has filed a response opposing Petitioner's motion. (Doc. # 33, Gov't Resp.). Petitioner has filed a reply and several supplemental briefs. (Doc. # 34, Pet.'s Reply; Doc. # 34, Pet.'s Supp'l Br.; Doc. # 39, Pet.'s Supp'l Br. (2)).

Because the files and records of the case conclusively establish that Petitioner is not

---

[1] This case was reassigned to the Undersigned by way of text-only order on June 10, 2016.

entitled to relief as to any of the claims set forth in this § 2255 motion, an evidentiary hearing is not necessary and the decision is ready for a decision by this Court.

For the reasons that follow, the Court shall **DENY** Petitioner's motion. The Court will issue a certificate of appealability as to whether Petitioner's prior second-degree home invasion convictions qualify as predicate violent felonies under the ACCA. The Court declines to issue a certificate of appealability as to Petitioner's remaining claim.

## BACKGROUND

The relevant background facts are undisputed. Petitioner was charged in a one count Indictment with "Felon in Possession of a Firearm; Armed Career Criminal," in violation of 18 U.S.C. §§ 922(g)(1), 924(e), (Doc. # 7), and pleaded guilty to "Count One of the Indictment" pursuant to a Rule 11 Plea Agreement.

On June 14, 2012, the probation department prepared a presentence investigation report. ("PSR"). The 2011 Guidelines Manual was used to determine Petitioner's offense level. Petitioner's base offense level was calculated at 24 because Petitioner committed the instant offense subsequent to sustaining at least two felony crimes of violence, pursuant to USSG § 2K2.1(a)(2).

The PSR determined that Petitioner was an armed career criminal for sustaining at least three prior convictions for a violent felony or serious drug offense, pursuant to USSG § 4B1.4. The PSR identified the following as prior violent felonies: (1) 1995 second-degree home invasion; (2) 1996 second-degree home invasion; and (3) 1997 arson personal property. As such, Chapter Four Enhancements were applied, resulting in an offense level of 33.

Petitioner received a three level downward departure for acceptance of responsibility

pursuant to USSG § 3E1.1(a) and (b). Petitioner's total offense level was calculated at 30, and he had a criminal history category of V. The PSR determined that the applicable sentencing guideline range was 180-188 months of imprisonment.

The Government filed a § 5K1.1 motion for downward departure based upon Petitioner's substantial assistance. On July 24, 2012, Judge Lawrence Zatkoff sentenced Petitioner to 108 months of imprisonment.

On June 9, 2016, Petitioner filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255, arguing that his prior arson conviction does not qualify as a prior violent felony in light of *Johnson*. (Doc. # 22, Pet.'s *Pro Se* Br.). Petitioner also asserted two ineffective assistance of counsel claims, which Petitioner has since withdrawn. (*See* Doc. # 37, Pet.'s Notice of Amendment). Petitioner filed a supplemental brief arguing that his prior home invasion convictions no longer qualify as predicate violent felonies under the ACCA. Petitioner also filed a motion to appoint counsel, (Doc. # 27), which the Court did on November 14, 2016. (Doc. # 27).

Petitioner's counsel has since filed a "second supplement" to Petitioner's original *pro se* § 2255 motion. (Doc. # 31, Pet.'s Br.). In it, Petitioner argues that his prior second-degree home invasion conviction under Michigan law no longer qualifies as a "violent felony" in light of *Johnson* and *Mathis*. The Government has filed a response in opposition (Doc. # 33, Gov't Resp.) and Petitioner has filed a reply. (Doc. # 34, Pet.'s Reply).

## STANDARD

Petitioner's motion is brought pursuant to 28 U.S.C. § 2255, which provides:

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."). Here, Petitioner does not request an evidentiary hearing and there does not appear to be a need as the record conclusively establishes whether or not Petitioner is entitled to relief.

**ANALYSIS**

Petitioner's sentence was imposed pursuant to the Armed Career Criminal Act ("ACCA"), which requires a mandatory minimum sentence of 15 years in prison for a defendant convicted of violating 18 U.S.C. § 922(g) if the defendant has three or more prior convictions for "a serious drug offense" or a "violent felony." 18 U.S.C. § 942(e).

A "violent felony" is defined as "any crime punishable by imprisonment for a term

-4-

exceeding one year" that: (1) "has an element the use, attempted use, or threatened use of physical force against the person of another;" or (2) "burglary, arson, or extortion, involves use of explosives;" or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). The first clause is commonly referred to as the "elements clause" the second clause is commonly referred to as the "enumerated clause," and the third clause is commonly referred to as the "residual clause." In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563.

Here, Petitioner argues that in light of *Johnson*, his convictions for second-degree home invasion and arson no longer qualify as predicate violent felonies under the ACCA.

A.  **Petitioner's Second-Degree Home Invasion Convictions Constitute Violent Felonies Under The ACCA**

   1.  **The ACCA's Residual Clause**

Petitioner's argument is two-fold. First, he argues that second-degree home invasion no longer qualifies as a violent felony under the ACCA's residual clause. This argument can easily be put to rest because *Johnson* is inapplicable here. Petitioner's second-degree home invasion convictions fall under the ACCA's enumerated clause, which remains valid today. *See e.g.*, *LeClear v. United States*, 2016 WL 3661853, at *1 (W.D. Mich. July 11, 2016).

   2.  **The ACCA's Enumerated Clause**

Next, Petitioner cites *Mathis* for the proposition that his second-degree home invasion convictions are not violent felonies under the ACCA's enumerated clause because Michigan's home invasion statute is broader than the generic definition of burglary. Petitioner's argument is not persuasive.

To determine whether a prior conviction is a violent felony within the meaning of the

ACCA, the Court has two approaches available to it: the "categorical approach" or the "modified categorical approach." Here, the parties agree that the categorical approach applies.

Under this approach, the Court must look "to the fact of conviction and the statutory definition of the prior offense." *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014). The Court must then "compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—*i.e.*, the offense as commonly understood." *Mathis*, 136 S.Ct. at 2247. Petitioner's prior conviction will only qualify as a predicate violent felony if its "elements are the same as, or narrower than, those of the generic offense." *Id.* Accordingly, the Court must compare Michigan's second-degree home invasion statute with the elements of generic burglary.

At the time of Petitioner's convictions, Michigan's second-degree home invasion statute provided:

> (3) A person who breaks and enters a dwelling with intent to commit a felony or larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of a home invasion in the second degree.

M.C.L. § 750.110(a)(3).[2] The term "dwelling" is defined as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." M.C.L. § 750.110a(1)(a).

The generic definition of "burglary" has been defined by the Supreme Court as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

---

[2] The statute was amended in 1999.

Here, Petitioner contends that Michigan's second-degree home invasion statute is broader than generic burglary because the term "dwelling," as defined by the Michigan statute, covers more than the "building or other structure" defined in *Taylor*. Specifically, Petitioner argues that Michigan's home invasion statute encompasses "appurtenant structures," which makes it broader than generic burglary.

The Government disagrees, noting that the Sixth Circuit has already determined that second-degree home invasion (under Michigan law) mirrors the enumerated offense of burglary and qualifies as a crime of violence under the sentencing guidelines. *See United States v. Gibbs*, 626 F.3d 344, 353 (6th Cir. 2010); *United States v. Howard,* 327 Fed. App'x 573, 575 (6th Cir. 2009); *United States v. Horton,* 163 Fed. App'x 378, 381-82 (6th Cir. 2006); *United States v. Hart*, 104 Fed. App'x 469, 470 (6th Cir. 2004). The Government also correctly points out that the definition of "crime of violence" under the Sentencing Guidelines is essentially the same as the definition of "violent felony" under the ACCA, and that the Sixth Circuit has interpreted them in the same way. *See Gibbs*, F.3d at 352 n.6.

The Sixth Circuit's recent decision in *United States v. Quarles*, 850 F.3d 836 (2017) further bolsters the Government's position and squarely resolves the instant issue. In *Quarles*, the Sixth Circuit held that Michigan's third-degree home invasion–which is indistinguishable from second-degree home invasion for purposes of the ACCA–is categorically equivalent to generic burglary. *Quarles*, 850 F.3d at 837.

Petitioner acknowledges the *Quarles* decision, but attempts to distinguish it. Petitioner asserts that the main argument in *Quarles* centered on Michigan's use of the term "shelter." Here, Petitioner's focus is on the term "appurtenant structure."

Petitioner cites *United States v. Lara*, 590 Fed. App'x 574 (6th Cir. 2014), for the proposition that the term "appurtenant to" can mean that an object is physically attached to another object, but that it can also imply a relationship between two objects. By analogy, Petitioner argues that the term "appurtenant structure" includes structures that are not considered "dwellings" under generic burglary. Petitioner's reliance on *Lara* is misplaced. Unlike the statute at issue in *Lara*, the Michigan statute here expressly states that an "appurtenant structure" must be "*attached to* that structure or shelter" to qualify as a dwelling. M.C.L. § 750.110a(1)(a) (emphasis added).

Petitioner also cites several Michigan cases as examples of instances where Michigan courts have treated the "dwelling" at issue more broadly than generic burglary. (Pet.'s Reply Br.) (citing *People v. Powell*, 278 Mich. App. 318 (2008); *People v. Davis*, 2003 WL 1698212 (Mich. App. 2003); and *People v. Maxie*, 2014 WL 3612702 (Mich. App. 2014)). Petitioner's argument in this regard is conclusory. Moreover, the Court is not persuaded that these cases criminalize more places than a "building or other structure."[3]

In his final argument, Petitioner asserts "that *Quarles* stands on shaky ground in light of" the Sixth Circuit's *en banc* decision in *United States v. Stitt*, 860 F.3d 854 (2017). The issue in *Stitt* was whether Tennessee's aggravated-burglary statute–which covers vehicles or movable

---

[3] *See e.g.*, *Powell*, 278 Mich. App. at 321 (defendant convicted of second-degree home invasion despite the fact that the complainant's home was temporarily vacant because it had been partially damaged by fire); *Davis*, 2003 WL 1698212 at *1 (first-degree home invasion conviction upheld where "apartment and shop were joined by an inside door which connected the shop and the stairway entrance to the apartment; they were, in reality, a single unit which included a dwelling within the meaning of the statute"); *Maxie*, 2014 WL 3612702 at *3 (first-degree home invasion conviction upheld where "evidence established that the office was linked to the area of the building that served as Grandmaison's abode during the work week").

enclosures *if* they are habitable–constitutes generic burglary. *Stitt*, 860 F.3d at 858. The majority concluded that the statute criminalized more conduct than generic burglary. *Id.* at 860-61. In so holding, the majority focused on a place's form and nature ("building or structure"), not its intended purpose or use. The majority further noted that:

> ... the Supreme Court has held fast to the distinction between vehicles and movable enclosures versus buildings and structures in every single post-*Taylor* decision. *See Mathis*, 136 S.Ct. At 2250; *Nijhawan*, 557 U.S. at 35, 129 S.Ct. 2294; *Duenas-Alvarez*, 549 U.S. at 186-87, 127 S.Ct. 815; *Shepard*, 544 U.S. at 15-16, 125 S.Ct. 1254. The Court's adherence to this distinction over the course of nearly thirty years persuades us that the Court meant exactly what it said: vehicles and movable enclosures fall outside the scope of generic burglary. *See Mathis*, 136 S.Ct. at 2254 ("[A] good rule of thumb for reading our decisions is that what they say and what they say and what they mean are one and the same.").

*Id.* at 858-59 (footnote omitted).

Petitioner premises his argument on the dissent in *Stitt*, which cautions that the majority's holding "jeopardizes" Michigan's home invasion statute. *Id.* at 878-79 (Sutton, J., dissenting). Petitioner's reliance on the dissent is unavailing. As Judge White persuasively explains in her concurrence:

> It is true that, as the dissent observes, we have held that Michigan's home-invasion statute, which proscribes breaking and entering a dwelling with intent to commit a crime, constitutes generic burglary. *United States v. Quarles*, 850 F.3d 836, 840 (6th Cir. 2017). However, in doing so, we explained that "it would be a stretch, rather than a realistic probability, that a tree, vehicle, boat, outcropping of rock, cave, bus stop, or suspended tarp would be considered a 'home.' *Id.* at 839. We concluded that the home-invasion statute constitutes generic burglary because it covers no more than buildings and structures, not because its definition comported with common law.

*Id.* at 874 (White, J., concurring). For these reasons, the Court concludes that Petitioner's prior home invasion convictions qualify as violent felonies for purposes of the ACCA.

**A.     Petitioner's Prior Arson Conviction Constitutes A Violent Felony Under The ACCA**

Petitioner argues that his prior conviction for arson of personal property does not qualify as a violent felony under the ACCA's enumerated clause. The Michigan arson statute in effect when Petitioner was sentenced provided as follows:

> Burning of personal property–Any person who willfully and maliciously burns any personal property ... owned by himself or another. . . . [i]f the value of the personal property burned or intended to be burned. . . . be more than $50.00, such person shall be guilty of a felony.

M.C.L. § 750.74 (West 1991).

According to Petitioner, Michigan's arson statute is broader than generic arson because it "allows for conviction based upon mere property damage without any possibility of harm to any person. . . ." (Pet.'s *Pro Se* Br. at Pg ID 62). Petitioner is mistaken.

The Sixth Circuit has determined that Michigan's arson statute, which requires the "willful and malicious burning of any personal property[,] is covered by the generic definition of arson." *United States v. Lee*, 608 Fed. App'x 975, 377 (6th Cir. 2015). As such, Petitioner's prior arson conviction qualifies as a violent felony under the ACCA.

**C.     Certificate of Appealability**

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). 28 U.S.C. 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of a denial of a constitutional right. 28 U.S.C. 2253(c)(2).

"Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists could find the Court's assessment of Petitioner's second-degree home invasion claim debatable. As such, the Court shall issue a certificate of appealability as to this claim only. The Court declines to issue a certificate of appealability as to Petitioner's remaining claim.

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **DENY** Petitioner's § 2255 motion to vacate sentence. The Court will issue a certificate of appealability as to whether Petitioner's prior second-degree home invasion convictions qualify as predicate violent felonies under the ACCA. The Court declines to issue a certificate of appealability as to Petitioner's remaining claim.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager